IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50658
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

CARLOS LIGHTBOURN,

                                        Defendant-Appellant.
_____

Appeal from the United States District Court for the
        Western District of Texas, El Paso
_____
June 4, 1997

Before JOLLY, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

     Carlos Lightbourn pled guilty to conspiracy to possess marijuana with intent to distribute.  He was sentenced as a career offender to a 200-month term of imprisonment and a five-year term of supervised release.  Lightbourn appeals his sentence.  He argues that he was erroneously sentenced as a career offender, contrary to our holding in United States v. Bellazerius, 24 F.3d 698 (5th Cir. 1994).  In the alternative, Lightbourn argues that his sentence is in violation of the Ex Post Facto Clause of the Constitution.  We find no error in the sentence and affirm.

                              I

     At his rearraignment, Lightbourn agreed to the following basic facts.  On November 1, 1995, he met with an undercover DEA agent in

El Paso for the purpose of collecting $60,000 cash owed to him from a previous drug transaction. Lightbourn had supplied over 300 pounds of marijuana to John Bennett, Jr. in July 1995 and believed the agent to be an employer of Bennett who would supply the money because Bennett was already in custody for the conspiracy.

During the meeting, the DEA agent asked Lightbourn to direct him to a particular warehouse where the marijuana had been loaded in order to ensure that Lightbourn was indeed involved in the conspiracy. On the trip to the warehouse, the agent informed Lightbourn that he had only $43,000 in cash and would return 75 pounds of the marijuana to make up the difference. Lightbourn agreed to this arrangement and was told that the marijuana was in the agent's car at the original meeting location.

The two men returned to the meeting location and Lightbourn introduced the agent to Stephen Bosworth, who was sitting in Lightbourn's car. Lightbourn and Bosworth then discussed the best method for obtaining and transporting the marijuana and finally concluded that they would take the cash and return later, in a different car, to retrieve the marijuana.

Lightbourn and Bosworth then agreed to follow the DEA agent to a nearby hotel to get the cash. Upon arrival, the agent gave a pre-arranged arrest signal and Lightbourn and Bosworth were arrested.

Lightbourn's presentencing report recommended that the career-offender sentence enhancement be applied because the instant

2

offense was a felony controlled-substance offense and Lightbourn had two countable prior felony controlled-substance conspiracy convictions.[1] Lightbourn objected to this recommendation, relying on <u>United States v. Bellazerius</u>. In his supplemental objections, he argued that to sentence him as a career offender would violate the Ex Post Facto Clause. The district court overruled both objections and sentenced Lightbourn as a career offender under the guidelines.[2]

II

A

Lightbourn was sentenced as a career offender under the authority of § 4B1.1 of the 1995 version of the Sentencing Guidelines.[3] The district court applied this section because

---

[1]Lightbourn also had a third previous felony conspiracy conviction, but, because of the age of the conviction, it was not used in determining his criminal history category or his career offender status.

[2]The district court adopted the factual findings and guideline application stated in the PSR with a minor factual exception and with the exception of granting a three-level reduction for acceptance of responsibility instead of the proposed two-level reduction.

[3]Section 4B1.1 reads, in relevant part,
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

3

Lightbourn was convicted of a felony controlled substance offense and because he had two previous convictions for felony controlled substance offenses.  See U.S. Sentencing Guidelines Manual § 4B1.1 (1995).  All three relevant convictions were convictions for participation in drug conspiracies.

Lightbourn contends that, in the light of this court's ruling in Bellazerius, § 4B1.1 does not apply to his case.  In Bellazerius, a panel of this court found that § 4B1.1 was explicitly enacted to carry out the mandate of 28 U.S.C. § 994(h),[4] which required enhanced sentences for certain offenses but did not encompass drug conspiracies.  See Bellazerius, 24 F.3d at 700-02 (citing U.S. Sentencing Guidelines Manual § 4B1.1 Background Commentary (1994)).  The panel therefore concluded that the Sentencing Commission acted beyond the scope of the authority granted by 28 U.S.C. § 994(h) when it included drug conspiracies in the list of offenses that trigger career offender status.  The Bellazerius court held that conspiracies could not be used in determining whether a sentence should be enhanced under the section.  Id. at 701-02.

---

[4]28 U.S.C. § 994(h) requires the Commission to promulgate guidelines setting the term of imprisonment at or near the maximum authorized term if a defendant over the age of 18 is convicted of a felony that is a crime of violence or that is a drug offense set out in three enumerated statutes (not including the statute violated by Lightbourn) and if the defendant has two previous offenses meeting the same criteria.

4

If the law had remained unchanged, then clearly, in this drug conspiracy conviction, we would be bound by our decision in Bellazerius.  After the decision was rendered, however, the Sentencing Commission amended the Background Commentary to § 4B1.1. This amendment is known as amendment 528 and became effective November 1, 1995.  It altered the statement of the source of authority for § 4B1.1 from strict reliance on 28 U.S.C. § 994(h) to reliance upon the "general guideline promulgation authority" found in 28 U.S.C. § 994(a)-(f).  See United States Sentencing Guidelines Manual § 4B1.1 Background Commentary (1995).[5]  The Bellazerius court was fully aware of the proposed amendment and expressly noted its pending passage in support of its conclusion that the guideline, in its pre-amendment state, did not reach the defendant in the case.  Bellazerius, 24 F.3d at 702.  Moreover, in Bellazerius, we noted that

---

[5]Amendment 528 specifically changes the background commentary to section 4B1.1 to state that the guideline

> implements [the] directive [of 28 U.S.C. § 994(h)], with the definition of a career offender tracking in large part the criteria set forth in 28 U.S.C. § 994(h).  However, in accord with its general guideline promulgation authority under 28 U.S.C. § 994(a)-(f), and its amendment authority under 28 U.S.C. § 994(o) and (p), the Commission has modified this definition in several respects to focus more precisely on the class of recidivist offenders for whom a lengthy term of imprisonment is appropriate and to avoid "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct."

Pursuant to its authority under section 994(a)-(f), the Commission could have conducted an analysis that found that certain offenders outside the reach of section 994(h) warranted the same punishment as section 994(h) career offenders. Instead of so doing, it mistakenly interpreted section 994(h) to include convictions for drug conspiracies. We cannot uphold a guideline on the basis of authority on which the Commission did not rely at the time of promulgation. Because the Commission promulgated section 4B1.1 under the authority of 28 U.S.C. § 994(h), it is invalid to the extent that its scope exceeds the reach of that section of the statute.

Id. The amendment to the sentencing guidelines speaks directly to this point and effectively eliminates the concerns of the Bellazerius Court.[6]

The amended version of § 4B1.1, as noted, draws its authority from the general guideline promulgation powers found at 28 U.S.C. § 994(a)-(f) and is not limited to the enumerated offenses found at 28 U.S.C. § 994(h). The Sentencing Commission has now lawfully included drug conspiracies in the category of crimes triggering classification as a career offender under § 4B1.1 of the Sentencing Guidelines. We therefore affirm the district court's finding that Lightbourn was a career offender, subject to sentence enhancement.

B

Lightbourn next contends that the application of the amended version of § 4B1.1 violates the Ex Post Facto Clause because his participation in the conspiracy ended prior to the November 1, 1995, effective date of the amendment. This argument is without

_____

[6]See also United States v. Price, 990 F.2d 1367 (D.C. Cir. 1993).

6

merit.  Lightbourn was arrested on November 1, 1995, when he engaged in the criminal conduct discussed above.  This conduct was clearly in furtherance of the drug conspiracy.

The PSR effectively shows: (1) that there was an agreement between two or more persons to violate the narcotics laws; (2) that Lightbourn knew of the conspiracy and intended to join it; and (3) that Lightbourn voluntarily participated in the conspiracy.  See United States v. Inocencio, 40 F.3d 716, 725 (5th Cir. 1994).  Furthermore, Lightbourn never effectively withdrew from the conspiracy.  See United States v. Caicedo, 103 F.3d 410, 412 (5th Cir. 1997).  Finally, it is of no consequence that Bosworth was not convicted of conspiracy.  See United States v. Klein, 560 F.2d 1236, 1242 (5th Cir. 1977).

We find that on November 1, 1995, Lightbourn was acting in furtherance of the drug conspiracy and therefore hold that the application of the amended version of § 4B1.1 does not violate the Ex Post Facto Clause of the United States Constitution.

III

In conclusion, the amendment to the Background Commentary of § 4B1.1 abrogates the concerns expressed by this court in Bellazerius and allows convictions for drug conspiracies to be included in the determination whether career offender status is warranted.  Lightbourn falls within the scope of the amended guideline.  The district court therefore did not err in sentencing him as a career offender.  Furthermore, because he engaged in

7

actions related to the conspiracy on the effective date of the amendment, there is no violation of the Ex Post Facto Clause.  The sentence imposed by the district court is therefore

A F F I R M E D.

8