# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 00-60610
## Summary Calendar
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**STANLEY K. DAVIS,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:99-CR-71-S-2
--------------------
July 23, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges:

PER CURIAM:[*]

Stanley K. Davis has filed a notice of appeal from his guilty-plea conviction for distribution of marijuana, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(D), and his jury conviction for conspiracy to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). He first avers that the evidence was insufficient to convict him of conspiracy to distribute more than 50 grams of methamphetamine. Davis preserved this issue for review by moving for judgment of acquittal at the close of the Government's case-in-chief and at the close of all the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence. In reviewing the sufficiency of the evidence, this court examines the evidence, together with all credibility choices and reasonable inferences, in the light most favorable to the Government. United States v. Maseratti, 1 F.3d 330, 337 (5th Cir. 1993). The verdict will be upheld if the court concludes that "any reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." Id.

In light of the testimony that (1) between 1998 and 1999 Brad Davis and Davis were in the business of selling methamphetamine; (2) Brad Davis furnished the methamphetamine and Davis sold it; (3) on one occasion, Richard Lawrence purchased two ounces of methamphetamine from Brad Davis; (4) on another occasion, April 6, 1999, Stanley and Brad Davis sold 42.1 grams of methamphetamine to Lawrence under DEA surveillance; and (5) Davis bragged about selling 10 ounces of methamphetamine to a Jackson, Mississippi, customer, the evidence was sufficient to support the jury's finding that the offense of conviction involved more than 50 grams of methamphetamine.

Davis also avers that since the only seized amount of drugs was 42.1 grams, and not in excess of 50 grams, his sentence is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi has no application to Davis' case. Apprendi is "limited to facts which increase the penalty beyond the statutory maximum, and does not invalidate a court's factual finding for the purposes of determining the applicable Sentencing Guidelines." United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001). The indictment

charged Davis with conspiracy to distribute methamphetamine in excess of 50 grams, and the evidence was sufficient beyond a reasonable doubt to prove the conspiracy charged. Moreover, because Davis' 324-month sentence did not exceed the statutory maximum, his sentence is not invalid under Apprendi. See United States v. Keith, 230 F.3d 784, 786-87 (5th Cir. 2000), cert. denied, 121 S. Ct. 1163 (2001); 21 U.S.C. § 841(b)(1)(A)(viii).

Davis avers next that the district court erred in attributing relevant offense conduct to him because his drug activity comprising the relevant offense conduct took place prior to the formation of the conspiracy for which he was convicted. Alternatively, he contends that there was insufficient evidence to establish the relevant offense conduct.

"The amount of drugs for which an individual [defendant] shall be held accountable represents a factual finding that must be upheld unless clearly erroneous." United States v. Bermea, 30 F.3d 1539, 1575 (5th Cir. 1994). We have reviewed the record and conclude that the district court did not clearly err in attributing the 7,456.05 grams of methamphetamine to Davis as relevant conduct. See U.S.S.G. § 1B1.3(a)(1)(A).

Lastly, Davis avers that the district court erred in classifying him as a career offender. He contends that his federal felony conviction for conspiracy to distribute a controlled substance may not serve to trigger career-offender status under the sentencing guidelines. His argument is without merit. The Sentencing Commission has now lawfully included drug conspiracies in the category of crimes triggering classification as a career

offender under U.S.S.G. § 4B1.1 of the Sentencing Guidelines. United States v. Lightbourn, 115 F.3d 291, 293 (5th Cir. 1997).

**AFFIRMED.**