**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 4, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-10377
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG PRITCHETT; SEAN PASEK,

Defendants-Appellants.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-120-4-Y

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Craig Pritchett appeals his conviction and sentence for conspiracy to manufacture methamphetamine, and Sean Pasek appeals his sentence imposed for the same offense. We affirm.

With regard to Pritchett's conviction, we hold that the district court's response to the jury's conspiracy query was not plainly erroneous; the district court's reply was responsive to the jury's inquiry, and the reply and the original charge allowed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jury to understand the issue before it.[1]  We also hold that the district court did not clearly err in calculating the amount of methamphetamine attributable to Pasek.[2]

Finally, both Pritchett and Pasek argue that their sentences run afoul of the Sixth Amendment.  While this case was on direct appeal the Supreme Court decided *United States v. Booker*.[3]  As the Sixth Amendment issue was raised in the present case for the first time on appeal, we review only for plain error.[4]  Reversible plain error exists only if there is (1) error; (2) that is plain; and (3) that affects substantial rights.[5]  If all three conditions are met we have discretion to correct the error; however, we "ordinarily will *not* do so unless it affects the fairness, integrity, or public reputation of judicial proceedings."[6]

The first two prongs of the plain error test are easily satisfied here.[7]  However, in light of our recent decision in

---

[1] *See United States v. Munoz*, 150 F.3d 401, 418 (5th Cir. 1998).

[2] *See United States v. Bellazerius*, 24 F.3d 698, 703 (5th Cir. 1994), *superceded by statute on other grounds, as stated in United States v. Lightbourn*, 115 F.3d 291, 293 (5th Cir. 1997).

[3] --- U.S. ----, 125 S.Ct. 738 (2005).

[4] *United States v. Mares*, --- F.3d ----, 2005 WL 503715, *7 (5th Cir. 2005).

[5] *Id*. at *8 (citing *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

[6] *United States v. Castillo*, 386 F.3d 632, 636 (5th Cir. 2004); *see also Johnson v. United States*, 520 U.S. 461, 467 (1997); *United States v. Olano*, 507 U.S. 725, 732 (1993).

[7] *See Mares*, 2005 WL 503715, at *8 (citing *Johnson*, 520 U.S. at 468).

*United States v. Mares*, the third prong has not been met.[8] Appellants have not carried their "burden of demonstrating that the result would have likely been different had the judge been sentencing under the *Booker* advisory regime rather than the pre-*Booker* mandatory regime."[9]

AFFIRMED.

---

[8] *See id.* at *8–*9.

[9] *Id.* at *9.