# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2012

No. 11-41258

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN QUIROGA-HERNANDEZ, also known as Juan Pablo Robles-Hernandez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, DeMOSS and GRAVES, Circuit Judges.[1]

PER CURIAM:

Juan Quiroga-Hernandez ("Hernandez") pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to seventy-seven months imprisonment. Hernandez challenges his sentence on appeal, arguing that the district court erred when it applied a sixteen-level crime of violence enhancement based on a prior Texas conviction for indecency with a child by sexual contact. Because Hernandez's argument is foreclosed by circuit precedent, we AFFIRM.

---

[1] Graves, Circuit Judge, concurs in the judgment only.

No. 11-41258

## BACKGROUND

Hernandez was charged with illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a), (b)(2), and pleaded guilty without the benefit of a plea agreement. At sentencing, the district court applied a sixteen-level crime of violence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on Hernandez's 2000 Texas conviction for indecency with a child by sexual contact under TEX. PENAL CODE § 21.11(a)(1). The district court concluded that the Texas offense constitutes "sexual abuse of a minor" for purposes of § 2L1.2 of the Guidelines. Hernandez's total offense level was twenty-one and his criminal history category was VI, which gave him an advisory Guidelines range of seventy-seven to ninety-six months. The district court sentenced Hernandez to seventy-seven months imprisonment, the bottom of the Guidelines range, and two years of supervised release.

## DISCUSSION

The district court's conclusion that Hernandez's prior Texas conviction constitutes a crime violence is a question of law that we review de novo.[2] *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005). Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines provides for a sixteen-level enhancement if the "defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is . . . a crime of violence." An offense constitutes a crime of violence if it includes as an element "the use, attempted use, or threatened use of physical force," or if it is among the

---

[2] The Government argues that Hernandez failed to preserve the error he asserts on appeal and that we should review for plain error. Because Hernandez's argument fails even under de novo review, we need not decide whether the plain error standard applies.

No. 11-41258

enumerated offenses provided in the Guidelines. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) Sexual abuse of a minor is one of the enumerated offenses. *Id.*

We employ a common sense approach when determining whether a prior conviction constitutes one of the enumerated crimes of violence in the Guidelines. *United States v. Sanchez*, 667 F.3d 555, 560 (5th Cir. 2012). "We determine 'whether a prior conviction constitutes an enumerated offense as that offense is understood in its ordinary, contemporary, [and] common meaning." *Id.* at 560–61 (quoting *United States v. Murillo-Lopez*, 444 F.3d 337, 339 (5th Cir. 2006)) (alteration in original). "If the state definition for an offense is broader than the generic definition, a conviction under that state's law cannot serve as a predicate for the enhancement." *United States v. Ellis*, 564 F.3d 370, 372 (5th Cir. 2009).

The Texas statute under which Hernandez was convicted criminalizes sexual contact with a child, defined as a person under the age of seventeen. TEX. PENAL CODE §§ 21.11(a)(1). Hernandez argues that the Texas offense is broader than the generic, contemporary definition of sexual abuse of a minor because it sets the age of consent at seventeen and criminalizes sexual activity when there is more than three years age difference between the defendant and victim.[3] *See id.* §§ 21.11(a), (b)(1). Hernandez contends that most jurisdictions set the age of consent at sixteen and require that there be more than four years age difference between the actor and victim before criminal liability for sexual abuse of a minor can attach.

---

[3] The Texas statute provides an affirmative defense when, inter alia, the actor "was not more than three years older than the victim and . . . did not use duress, force, or a threat against the victim at the time of the offense." *See* TEX. PENAL CODE § 21.11(b).

No. 11-41258

Hernandez concedes, however, that this court has squarely held that the offense defined in TEX. PENAL CODE § 21.11(a)(1) constitutes sexual abuse of a minor for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Najera-Najera*, 519 F.3d 509, 512 (5th Cir. 2008) (citing *United States v. Zavala-Sustaita*, 214 F.3d 601, 604–05 (5th Cir. 2000)); *see also United States v. Castro-Gueverra*, 575 F.3d 550, 553 (5th Cir. 2009) ("We have also held that the . . . Texas indecency with a 'child' statute . . . constitutes sexual abuse of a minor under U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)."); *United States v. Ayala*, 542 F.3d 494, 495 (5th Cir. 2008) ("[W]e have already addressed the issue of whether a violation of [TEX. PENAL CODE] § 21.11(a) constitutes sexual abuse of a minor for purposes of § 2L1.2 . . . .").

"It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Hernandez points to no change in the law that would allow this panel to decide the issue differently than prior panels of this court. Accordingly, we are bound by those decisions.

## CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.

4