# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2013

No. 12-40177
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE PEDRO ACOSTA-ESCOBAR, true name Pedro Jose Acosta-Escobar,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1057-1

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Pedro Acosta-Escobar appeals the sentence imposed following his guilty plea conviction for being an alien found unlawfully present in the United States following deportation. The district court sentenced Acosta-Escobar to 51 months of imprisonment to be followed by three years of supervised release.

According to Acosta-Escobar, his sentence is procedurally and substantively unreasonable because the district court imposed a term of supervised release despite the Sentencing Guidelines' direction in U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 5D1.1(c) that "ordinarily" no term of supervised release should be imposed if the defendant is a deportable alien. He asserts that the sentence is procedurally unreasonable because the district court gave an inadequate explanation for imposing a term of supervised release, the imposition of supervised release was an unexpected departure from the Guidelines, and the district court did not provide him with notice of its intent to depart from the guidelines range. Acosta-Escobar contends that his sentence is substantively unreasonable because the district court failed to consider § 5D1.1(c), even though the factor should have been given significant weight.

Because Acosta-Escobar did not raise his claims of error regarding the procedural reasonableness of his sentence "in a manner that could have placed the district court on notice of the error he now asserts," our review is limited to plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). To show plain error, Acosta-Escobar must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* We need not decide whether Acosta-Escobar properly preserved an objection to the substantive reasonableness of his sentence because his argument fails even under an abuse-of-discretion standard. *See United States v. Becerril-Pena,* 714 F.3d 347, 349 n.4 (5th Cir. 2013).

The term of supervised release imposed on Acosta-Escobar was within the statutory and guidelines range for his offense of conviction; therefore, it did not trigger a "departure analysis." *See Dominguez-Alvarado*, 695 F.3d at 329. Thus, his contention that the district court was required to give notice of its departure from the Guidelines fails. *See id.*

Our review of the record reveals that the district court considered relevant facts that justified a term of supervised release. The presentence report alerted

the district court to the 2011 amendment to § 5D1.1(c), and the district court considered the information in the presentence report along with the history and characteristics of Acosta-Escobar. The district court's particularized remarks at sentencing evince a concern with the need for deterrence and protection, which are relevant factors for a court to consider in deciding whether to impose a term of supervised release. *See Dominguez-Alvarado*, 695 F.3d at 329; § 5D1.1, comment. (n.5). Thus, Acosta-Escobar has not shown that the district court committed reversible plain error in imposing the supervised release term. *See Puckett*, 556 U.S. at 135.

Acosta-Escobar's assertion that his sentence is substantively unreasonable also lacks merit. The three-year term of supervised release term imposed in this case was within the advisory guidelines range for the offense. The record shows that the district court was aware of § 5D1.1(c), and Acosta-Escobar has not overcome the presumption that the district court, in imposing a term of supervised release, considered the relevant sentencing factors. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607-08 (5th Cir. 2013).

Finally, Acosta-Escobar contends that the district court erred by treating his 2004 felony conviction in Illinois for "Aggravated Criminal Sexual Abuse" as a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(a)(ii). He argues that his statute of conviction covers conduct that is outside the generic, contemporary meaning of "sexual abuse of a minor" or "statutory rape" because the statute sets the age of consent at 17, whereas the generic, contemporary meaning of the term "minor" is 16. As Acosta-Escobar concedes, these arguments are foreclosed by our decisions in *United States v. Rodriguez*, 711 F.3d 541, 562-63 (5th Cir. 2013) (en banc), *petition for cert. filed* (June 6, 2013) (No. 12-10695), and *United States v. Quiroga-Hernandez*, 698 F.3d 227, 229 (5th Cir. 2012).

Accordingly, the judgment of the district court is AFFIRMED.