# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10660
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES LEMARC BYRD, also known as Mark Byrd,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:04-CR-22-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

James LeMarc Byrd appeals the 24-month sentence of imprisonment imposed following the revocation of his supervised release. He contends that the sentence, which exceeds the range of imprisonment set forth in the nonbinding policy statements found in U.S.S.G. § 7B1.4, but does not exceed the statutory maximum, is unreasonable. He argues that the district court failed to sufficiently articulate its reasons for sentencing him substantially

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

above the guidelines range and that the district court gave significant weight to an irrelevant or improper factor when it stated that a 24-month sentence was necessary to protect the public.  Byrd asserts that the public was not jeopardized by his supervised release violations or by his offense of being a felon in possession of a firearm, and he contends that the district court's concern with deterrence is insufficient to support the above-guidelines sentence.

Generally, revocation sentences are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard.  *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).    This is a more deferential standard than the reasonableness standard that applies to sentences imposed upon conviction.  *Id.*

The parties agree that plain error review applies because Byrd did not raise a contemporaneous objection to his sentence; however, the parties do not control the standard of review.  *United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc).  Because Byrd's arguments fail even under the plainly unreasonable standard, we need not decide whether the plain error standard applies.  *See United States v. Quiroga-Hernandez*, 698 F.3d 227, 228 n.2 (5th Cir. 2012).

The district court explained that the 24-month sentence would deter Byrd from further criminal activity and that the sentence was necessary to protect the public.  The district court also indicated that the sentence was appropriate given that Byrd had violated his conditions of supervised release shortly after his release from prison by using drugs and contacting convicted felons.    The record thus reflects that the district court considered the appropriate sentencing factors of 18 U.S.C. § 3553(a) and that it provided an explanation of the sentence that was sufficient under the circumstances.  *See*

No. 14-10660

*Rita v. United States*, 551 U.S. 338, 356 (2007).  We have routinely affirmed revocation sentences like Byrd's that are above the policy statement range but do not exceed the statutory maximum.  *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).  In light of the foregoing, Byrd fails to establish that his sentence was plainly unreasonable.  *See Miller*, 634 F.3d at 843.

AFFIRMED.