# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11575
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2019

Lyle W. Cayce
Clerk

MASOUD BAMDAD,

　　　　　　　　　　　　Petitioner - Appellant

v.

ERIC D. WILSON, Warden,

　　　　　　　　　　　　Respondent - Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-884

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Masoud Bamdad, federal prisoner # 47237-112 and proceeding *pro se*, appeals the dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 petition, through which Bamdad challenged the validity of his 2010 conviction and sentence for distribution of controlled substances, in violation of 21 U.S.C. § 841. The district court concluded Bamdad had not demonstrated he was entitled to proceed under § 2241 in lieu of seeking relief through what would

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

have been a second (successive) 28 U.S.C. § 2255 motion because he had not shown his § 2241 claims fell within § 2255(e)'s "savings clause". For the following reasons, the court did not err in that conclusion. *See Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

As is well-established, a § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief". *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Although a collateral challenge to a federal prisoner's conviction and sentence is properly pursued under § 2255, not § 2241, *id.*, a prisoner, through § 2255(e)'s "savings clause", may challenge the basis of his custody with a § 2241 petition if he shows the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention", 28 U.S.C. § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). To invoke the "savings clause", however, a prisoner must present a claim: "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion". *Reyes-Requena*, 243 F.3d at 904.

Bamdad's invocation of *Burrage v. United States*, 571 U.S. 204 (2014), fails to bring his claim within the savings clause because he contends he was charged, but does not contend he was "convicted", of a nonexistent offense. *See Reyes-Requena*, 243 F.3d at 904. Bamdad otherwise fails to contend he meets the *Reyes-Requena* criteria. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Insofar as Bamdad contests *Reyes-Requena*'s continuing viability, he cites no "intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court" invalidating or abrogating *Reyes-*

*Requena.  See United States v. Quiroga-Hernandez*, 698 F.3d 227, 229 (5th Cir. 2012) (internal quotations and citation omitted).

To the extent Bamdad suggests he may seek relief under § 2241 because his previous § 2255 motion was unsuccessful, our court has held "merely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy".  *Pack*, 218 F.3d at 453 (citation omitted).  Bamdad's contention that the statutory restrictions on successive § 2255 motions violate the Suspension Clause, U.S. Const., art. 1, § 9, cl. 2, is also unavailing.  *Wesson v. United States Penitentiary Beaumont, Tex.*, 305 F.3d 343, 347 (5th Cir. 2002) (citing *Reyes-Requena*, 243 F.3d at 901 n.19); *see also Felker v. Turpin*, 518 U.S. 651, 663–64 (1996) (28 U.S.C. § 2254 case).

AFFIRMED.