# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10189
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RACHEL PERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CR-74-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Rachel Perry challenges the 18-month prison sentence that she received upon revocation of her supervised release. She contends that her sentence is procedurally unreasonable because the district court failed to provide sufficient reasons, and substantively unreasonably because the district court failed to properly weigh the recommended sentencing range and her arguments in favor of a lesser sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10189

We generally review a revocation sentence under a "plainly unreasonable" standard, but will review only for plain error where a party fails to make a contemporaneous objection specific enough to alert the district court to the alleged error. *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1363 (2019); *United States v. Warren*, 720 F.3d 321, 327 (5th Cir. 2013). We need not decide whether Perry preserved her reasonableness challenges by simply requesting a sentence within the guidelines range because her arguments fail even under the plainly unreasonable standard. *See United States v. Quiroga-Hernandez*, 698 F.3d 227, 228 (5th Cir. 2012).

Here, the district court had presided over Perry's original sentencing and her first revocation hearing. The court listened to and considered Perry's mitigation arguments but found that the higher sentence and no further term of supervised release was appropriate under the 18 U.S.C. § 3553(a) factors of deterrence and protecting the public. *See* § 3553(a)(2)(B) and (C); 18 U.S.C. § 3583(e). Although the district court did not engage in a "checklist recitation of the section 3553(a) factors," the reasons for the sentence were clear and permitted effective review. *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013).

As for substantive reasonableness, the revocation sentence of 18 months was higher than the range of 5 to 11 months recommended by the policy statements, but below the statutory maximum term of 2 years. *See* § 3583(e)(3); U.S.S.G. § 7B1.4. The district court explicitly referenced the guidelines policy statements and listened to Perry's arguments in mitigation. The circumstances of the case, including Perry's inability to abide by the terms of supervised release and the danger her drug use posed to the public, support the district court's conclusion that a longer sentence was appropriate. Under

No. 19-10189

the totality of the circumstances in this case, the district court did not abuse its discretion in imposing Perry's revocation sentence. *See Warren*, 720 F.3d at 332.

AFFIRMED.