# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 6, 2020

Lyle W. Cayce
Clerk

No. 19-30387
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

TONY LAM,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-169-1

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:[*]

Tony Lam was convicted, pursuant to his guilty plea, of distribution of 40 grams or more of a mixture and substance containing Fentanyl. The probation officer determined that Lam was a career offender under U.S.S.G. § 4B1.1(a) on account of his two prior felony conspiracy convictions involving controlled substances. The district court sentenced Lam to a 327-month term of imprisonment, to be followed by an eight-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30387

On appeal, Lam contends that the district court erred in applying the career offender guideline based on his two prior drug conspiracy convictions. Stated succinctly, his argument is that the Sentencing Commission impermissibly used the commentary to the Sentencing Guidelines to bring conspiracy offenses within the career offender guideline's definition of "controlled substance offense."

We generally review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (quoting *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008)). However, as Lam acknowledges, plain error review applies to his challenge to the application of the career offender guideline because he did not raise such an objection in the district court. *See United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009).

Under the plain error standard, Lam must show an error that was clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Were he to make such a showing, this court would have the discretion to correct the error, but only if it seriously affected "the fairness, integrity, or public reputation of judicial proceedings." *See id* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

In *United States v. Lightbourn*, 115 F.3d 291, 293 (5th Cir. 1997), we stated that "[t]he Sentencing Commission has now lawfully included drug conspiracies in the category of crimes triggering classification as a career offender under § 4B1.1 of the Sentencing Guidelines." We concluded that "the amendment to the Background Commentary of § 4B1.1 abrogates the concerns

2

expressed by this court in *Bellazerius*[1] and allows convictions for drug conspiracies to be included in the determination whether career offender status is warranted." *Id.* at 294.

Lam contends that such statements in *Lightbourn* are merely dicta as it was unnecessary for the *Lightbourn* court to determine that the Sentencing Commission's post-*Bellazerius* inclusion of drug conspiracies was lawful. "Dictum is language unnecessary to a decision, a ruling on an issue not raised, or the opinion of a judge which does not embody the resolution or determination of the court, and which is made without argument or full consideration of the point." *United States v. Castillo*, 179 F.3d 321, 327 n.9 (5th Cir. 1999) (brackets and internal quotation marks omitted) (quoting *Lawson v. United States*, 176 F.2d 49, 51 (D.C. Cir. 1949)), *reversed on other grounds*, 530 U.S. 120 (2000). Although not precedential, dictum is persuasive authority. *See Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 804 (5th Cir. 2006).

No matter whether the statements in *Lightbourn* are dicta, a question we do not decide, Lam fails to show that the district court clearly and obviously erred in basing application of the career offender guideline on his drug conspiracy convictions. *See Puckett*, 556 U.S. at 135. He therefore has not shown plain error. *See id.*

Finally, Lam claims that his trial counsel was ineffective for failing to object to application of the career offender enhancement. Because Lam did not raise this claim in the district court, we conclude that this is not one of the "rare cases" in which the record is sufficiently developed to allow consideration of an ineffective assistance of counsel claim on direct appeal. *See United States*

---

[1] *United States v. Bellazerius*, 24 F.3d 698 (5th Cir. 1994), *superseded by Sentencing Guideline amendments as stated in Lightbourn*, 115 F.3d at 293-94.

*v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (quoting *United States v. Aguilar*, 503 F.3d 431, 436 (5th Cir. 2007) (per curiam)).  Thus, we decline to consider Lam's ineffective assistance claim without prejudice to his right to seek collateral review.  *See id.*

AFFIRMED.