# United States Court of Appeals
# for the Fifth Circuit

No. 19-50809
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

GEORGE CALDERA,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-261-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges.*

PER CURIAM:[*]

George Caldera pleaded guilty to one count of conspiring to possess with the intent to distribute 50 grams or more of actual methamphetamine and to one count of possessing with the intent to distribute cocaine. The probation officer determined that Caldera was a career offender under

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-50809

U.S.S.G. § 4B1.1(a) on account of, as relevant here, his prior felony conspiracy conviction involving a controlled substance. The district court sentenced Caldera to an aggregate of 300 months of imprisonment and 10 years of supervised release.

On appeal, Caldera contends that the district court erred in using his prior drug conspiracy conviction to apply the career offender Guideline. Stated succinctly, his argument is that the Sentencing Commission impermissibly used the commentary to the Sentencing Guidelines to bring conspiracy offenses within the career offender Guideline's definition of "controlled substance offense."

As Caldera acknowledges, plain error review applies to his challenge to the application of the career offender Guideline because he did not raise such an objection in the district court. *See United States v. Dentler*, 492 F.3d 306, 313 (5th Cir. 2007). In any, event, he shows no error, plain or otherwise.

In *United States v. Lightbourn*, 115 F.3d 291, 293 (5th Cir. 1997), we stated that "[t]he Sentencing Commission has now lawfully included drug conspiracies in the category of crimes triggering classification as a career offender under § 4B1.1 of the Sentencing Guidelines." We concluded that "the amendment to the Background Commentary of § 4B1.1 abrogates the concerns expressed by this court in *Bellazerius*[1] and allows convictions for drug conspiracies to be included in the determination whether career offender status is warranted." *Id.* at 294.

Caldera acknowledges our holding in *Lightbourn* but states that there is a circuit split on whether convictions for drug conspiracies should qualify as predicate offenses for the career offender Guideline. He urges us to take a position contrary to that stated in *Lightbourn*. "It is a well-settled Fifth

---

[1] *United States v. Bellazerius*, 24 F.3d 698 (5th Cir. 1994), *superseded by Sentencing Guideline amendments as stated in Lightbourn*, 115 F.3d at 293-94.

No. 19-50809

Circuit rule of orderliness that one panel of [this] court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or [this] en banc court." *United States v. Quiroga-Hernandez*, 698 F.3d 227, 229 (5th Cir. 2012) (internal quotation marks and citation omitted). Under *Lightbourn*, which is still the law in this circuit, the district court did not commit any error in applying the career offender Guideline based on Caldera's prior conspiracy conviction for an offense involving a controlled substance. *See Lightbourn*, 115 F.3d at 293-94. Caldera's alternative argument, *i.e.*, that the offense of conspiracy under 21 U.S.C. § 846 is broader than the generic definition of conspiracy, is inadequately briefed and will not be considered. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

AFFIRMED.