# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2020

Lyle W. Cayce
Clerk

No. 19-50914
Summary Calendar

Mohamad Youssef Hammoud,

*Petitioner—Appellant*,

*versus*

Warden Serkou Ma'at, Federal Correctional Institute
Bastrop,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-751

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Mohamad Youssef Hammoud appeals the denial, for lack of jurisdiction, of his 28 U.S.C. § 2241 petition challenging his 2002 conviction for providing material support to a foreign terrorist organization. *See*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

18 U.S.C. § 2339B. Hammoud sought to proceed under § 2241 in lieu of filing a second § 2255 motion challenging that conviction, arguing that he should be deemed to have satisfied § 2255(e)'s "savings clause" because he is actually innocent in light of Congress's 2004 amendment § 2339B, which requires the Government to prove that the defendant knew the organization he was aiding was engaged in terroristic activity.

A prisoner may challenge the basis of his federal custody in a § 2241 petition if he shows that the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e). To satisfy § 2255(e), the prisoner must show, relevantly, that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Conceding that his claims do not rely on any retroactively applicable Supreme Court decision, Hammoud instead invites us, as he did the district court, to expand *Reyes-Requena* to encompass statutory amendments by Congress as well, arguing that he is actually innocent of providing material support under the 2004 amendment to § 2339B.

There was no error in the district court's determination that it was bound by *Reyes-Requena*. *See Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003); *United States v. Willingham*, 310 F.3d 367, 371 (5th Cir. 2002). And, following our well-established rule of orderliness, we decline to revisit *Reyes-Requena*, as Hammoud cites no intervening statutory amendment or decision by the Supreme Court or our en banc court casting doubt on *Reyes-Requena*'s formulation of the savings clause test. *See United States v. Quiroga-Hernandez*, 698 F.3d 227, 229 (5th Cir. 2012). Hammoud's reliance on *Barrios v. Centaur, L.L.C.*, 942 F.3d 670 (5th Cir. 2019), is unavailing because that case did not implicate our rule of orderliness.

No. 19-50914

Relying on our binding precedent in *Reyes-Requena*, the district court correctly dismissed Hammoud's § 2241 petition for lack of jurisdiction. *See Christopher*, 342 F.3d at 381.    Accordingly, the judgment is AFFIRMED.