# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2021

Lyle W. Cayce
Clerk

No. 21-40052
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Enrique Lario-Rios,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
No. 7:20-CR-1286-1

---

Before Smith, Stewart, and Willett, *Circuit Judges*.

Per Curiam:*

Luis Lario-Rios appeals his sentence for being found in the United States after deportation. For the first time on appeal, he contends that the district court improperly characterized two Texas attempted-kidnapping convictions as crimes of violence for the purpose of assessing criminal history

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

points per U.S.S.G. § 4A1.1(e).  He relies on *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019) and extra-circuit precedent to maintain that inchoate offenses do not qualify as predicate crimes of violence under U.S.S.G. § 4B1.2(a).

As he acknowledges, plain error review applies, because Lario-Rios failed to raise his claim before the district court.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Soza*, 874 F.3d 884, 896–97 (5th Cir. 2017).  Lario-Rios cites no authority from this court addressing the effect of *Kisor* on the guidelines in general or Application Note 1 of § 4B1.2 in particular, and inchoate offenses may qualify as predicate offenses.  *See United States v. Kendrick*, 980 F.3d 432, 444 (5th Cir. 2020), *cert. denied*, 2021 WL 2637919 (U.S. June 28, 2021) (No. 20-7667); *United States v. Claiborne*, 132 F.3d 253, 256 (5th Cir. 1998); *United States v. Lightbourn*, 115 F.3d 291, 292–93 (5th Cir. 1997).  Accordingly, Lario-Rios has failed to show plain error.  *See Puckett*, 556 U.S. at 135; *United States v. Ceron*, 775 F.3d 222, 226 (5th Cir. 2014).

Lario-Rios contends that his 45-month non-guidelines sentence is substantively unreasonable.  The district court was concerned with Lario-Rios's criminal history and in particular his three convictions of attempting to kidnap young girls.  The decision to give greater weight to Lario-Rios's criminal history rather than his motives for returning to the United States reflected reliance on proper factors such as his history and characteristics, the need to promote respect for the law, the need for deterrence, and the need to protect the public from further crimes by him.  *See United States v. Brantley*, 537 F.3d 347, 349–50 (5th Cir. 2008); 18 U.S.C. § 3553(a).  Lario-Rios's disagreement with the weighing of the sentencing factors is insufficient to demonstrate an abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. McElwee*, 646 F.3d 328, 337 (5th Cir. 2011).

AFFIRMED.