# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2021

Lyle W. Cayce
Clerk

No. 20-30489
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANDERSON CURTEL DUKE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:18-CR-343-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Anderson Curtel Duke appeals the denial of his motion to suppress, along with his conviction by a jury and concurrent 288-month sentences for two counts of possession with intent to distribute fentanyl and a single count of possession with intent to distribute heroin. First, he contends that he did

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30489

not validly waive his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). We review that question of law de novo and the supporting factual conclusions for clear error. *United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2005).

We reject Duke's argument that he never expressly waived his *Miranda* rights, as a valid waiver may be "implied from all the circumstances." *Berghuis v. Thompkins*, 560 U.S. 370, 383-84 (2010). Duke received the *Miranda* warnings before answering the agents' questions, and the totality of the circumstances reflect that he understood the warnings. *See id.* at 383-84, 386; *United States v. Hearn*, 563 F.3d 95, 104 (5th Cir. 2009).

Alternatively, Duke contends that the waiver of his *Miranda* rights was involuntary, unknowing, and unintelligent because he was mentally impaired due to intoxication, fatigue, and emotional distress. The argument is unavailing. *See United States v. Reynolds*, 367 F.3d 294, 297, 299 (5th Cir. 2004); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998). We defer to the district court's credibility finding as to agent testimony that Duke was not impaired, as well as the court's finding that Duke remained alert, lucid, and responsive throughout the interview. *See United States v. Wright*, 777 F.3d 769, 773 (5th Cir. 2015). Viewing the evidence in the light most favorable to the Government, we find no clear error in those findings. *See id.*; *United States v. Alvarado-Palacio*, 951 F.3d 337, 340 (5th Cir. 2020). Duke's background and experience also indicate that he understood his *Miranda* rights and the consequences of waiving them. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986); *see also Edwards v. Arizona*, 451 U.S. 477, 482 (1981).

Nor is there merit to the contention that the *Miranda* waiver was involuntary because agents used deceptive and coercive tactics to obtain his cooperation. The customary police tactics cited by Duke, including a truthful assessment that he was facing life in prison, did not constitute the sort of

coercive acts that overcome the will of the accused. *Compare Hopkins v. Cockrell*, 325 F.3d 579, 581, 583-85 (5th Cir. 2003), *with Cardenas*, 410 F.3d at 295, 297; *United States v. Rico*, 51 F.3d 495, 507 (5th Cir. 1995); *United States v. Ballard*, 586 F.2d 1060, 1063 (5th Cir. 1978). While certain statements arguably created a favorable climate for confession by playing on Duke's emotions, *see Self v. Collins*, 973 F.2d 1198, 1205-06 (5th Cir. 1992), they did not override his will, *see Cardenas*, 410 F.3d at 297, or deprive him of the knowledge he needed to understand his *Miranda* rights or the consequences of waiving them, *see Soffar v. Cockrell*, 300 F.3d 588, 596 (5th Cir. 2002) (en banc). Inasmuch as the comments were made after he waived his *Miranda* rights, they did not retroactively render the waiver involuntary. *See id.*

That one of the interrogators responded, "no," when asked if Duke was making his situation worse by talking does not alter the validity of his earlier waiver. *See Soffar*, 300 F.3d at 596-97; *Alvarado-Palacio*, 951 F.3d at 342. Duke validly waived his *Miranda* rights because "the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension." *Burbine*, 475 U.S. at 421 (internal quotation marks and citation omitted).

Next, we consider Duke's challenge to the authentication of photographs depicting evidence seized during the search of his person. We review the district court's ruling for abuse of discretion. *See United States v. Lundy*, 676 F.3d 444, 452 (5th Cir. 2012). The deputy's testimony that he recalled seizing the items during the search satisfied Federal Rule of Evidence 901, which "is not a burdensome standard." *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009); *see* Fed. R. Evid. 901(b)(1). Any flaws in the testimony went to the weight of the evidence, not its admissibility. *See United States v. Isiwele*, 635 F.3d 196, 200 (5th Cir. 2011).

In addition, Duke contends that the evidence was insufficient to prove the intent to distribute under 21 U.S.C. § 841(a)(1). Giving substantial deference to the jury's verdict and viewing the evidence in the light most favorable to the Government, we conclude that a rational jury could have found the element based on Duke's own admissions and the testimony of an associate who assisted him with drug sales. *See United States v. Delgado*, 672 F.3d 320, 330 (5th Cir. 2012) (en banc); *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996), *abrogated on other grounds by United State v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc).

Finally, we consider Duke's contention that the district court erred by applying the career offender enhancement in U.S.S.G. § 4B1.1. His claim that an attempted marijuana distribution offense does not constitute a "controlled substance offense" under U.S.S.G. § 4B1.2(b) is foreclosed by *United States v. Lightbourn*, 115 F.3d 291, 293 (5th Cir. 1997), which remains binding "absent an intervening change in law," *United States v. Petras*, 879 F.3d 155, 164 (5th Cir. 2018). To the extent Duke asserts in his reply brief that the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415-18 (2019), supplies such a change, he waived the argument by failing to raise it in his original brief, *see United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005). Because Duke's challenge to the career offender enhancement is unavailing, we agree with his concession that his alternative sentencing claims are moot.

AFFIRMED.