# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 22-30495
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Adam Hicks,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-109-1

—————————————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curium:[*]

Adam Hicks pleaded guilty to conspiracy to possess five or more grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 846. He was sentenced to 292 months of imprisonment and five years of supervised release. For the first time, Hicks argues that the district court plainly erred by determining that he qualified

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30495

for a career offender enhancement under U.S.S.G. § 4B1.1, because his conspiracy conviction is an inchoate offense that does not constitute a controlled substance offense for purposes of the Guideline.

Because he failed to challenge the application of the career offender Guideline on this, or any ground, in the district court, review is for plain error. *See United States v. Huerra*, 884 F.3d 511, 519 (5th Cir. 2018). To show plain error, Hicks must demonstrate a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted). Whether an error is clear or obvious is determined in light of the state of the law at the time of appeal, rather than at the time of the district court's ruling. *Henderson v. United States*, 568 U.S. 266, 279 (2013); *see Puckett*, 556 U.S. at 135.

A defendant may be subject to an enhanced sentence under § 4B1.1 if he is convicted of an offense that qualifies as either a crime of violence or a controlled substance offense and has two or more prior felony convictions that qualify as either a crime of violence or controlled substance offense. § 4B1.1(a). The guidelines definition of a controlled substance offense does not mention inchoate offenses. *See* U.S.S.G. § 4B1.2(b). However, the application note to the Guideline states that "'[c]rime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." § 4B1.2, comment. (n.1). In *United States v. Lightbourn*, 115 F.3d 291, 293 (5th Cir. 1997), we held that the Sentencing Commission "has . . . lawfully included drug conspiracies in the category of crimes triggering classification as a career offender under § 4B1.1." *See also United States v. Kendrick*, 980 F.3d 432, 444 (5th Cir. 2020) (affirming *Lightbourn*'s continued validity). Under our

No. 22-30495

rule of orderliness, circuit precedent is binding unless overridden by an intervening change in the law such as by a decision of the Supreme Court or this court sitting en banc. *United States v. Petras*, 879 F.3d 155, 164 (5th Cir. 2018).

Hicks acknowledges our precedent but suggests that this precedent may be overturned by the forthcoming en banc decision in *United States v. Vargas*, 35 F.4th 936, 938-40 (5th Cir. 2022), *reh'g en banc granted*, 45 F.4th 1083 (5th Cir. 2022), and requests that his case be held pending that decision. But even if *Vargas* were to override precedent and hold that inchoate drug conspiracies cannot trigger application of the career offender enhancement, that would not demonstrate that any error was plain. What's more, Hicks is still required to show that the error affected his substantial rights. *See Puckett*, 556 U.S. at 135. To do so, he must demonstrate a reasonable probability that, but for the error, his sentence would have been different. *See Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016). He has not satisfied this prong of the plain-error analysis.

Although Hicks was determined to be a career offender, his sentence was not based on the career offender offense level set forth in § 4B1.1(b), because the career offender offense level of 34 was not greater than the offense level otherwise applicable. *See* § 4B1.1(b). Hicks does not dispute this but instead asserts that if he was not a career offender under the Guidelines, the district court would reconsider his objections to the enhancements applied under U.S.S.G. § 2D1.1 and U.S.S.G. § 3B1.2(c), which, in turn, might result in a lower sentence. However, the district court indicated at sentencing that it would not sustain Hicks's objections to the sentencing enhancements. Moreover, the district court expressly stated that if the "guideline determination made in this sentence is found to be incorrect," it would "impose the same sentence considering the factors contained in [18 U.S.C. §] 3553," and the court specifically referred to its

No. 22-30495

consideration of Hicks's criminal history, personal characteristics, and involvement in the instant offense in determining an appropriate sentence.

Because Hicks has not demonstrated a reasonable probability that but for his career offender classification under § 4B1.1, his sentence would have been different, he cannot show that the alleged error affected his substantial rights.   Accordingly, on this basis, the district court's judgment is AFFIRMED.