# United States Court of Appeals for the Fifth Circuit

———————————

No. 21-30702
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
October 12, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Keaton Lamar Shaw,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-157-1

———————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Keaton Lamar Shaw pleaded guilty to possession with intent to distribute cocaine and possession of a firearm by a convicted felon. He was sentenced to a total of 151 months of imprisonment, followed by three years of supervised release. On appeal, Shaw challenges the district court's use of his prior conviction for attempted possession with intent to distribute a

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-30702

controlled substance to qualify him for the career offender enhancement. He argues that inchoate offenses are not included within the definition of a "controlled substance offense" for purposes of the career offender Guidelines. *See* U.S.S.G. §§ 4B1.1, 4B1.2(b).

The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief. Shaw correctly concedes that his claim is foreclosed by *United States v. Lightbourn*, 115 F.3d 291, 292-93 (5th Cir. 1997), among other cases, although he urges us to reconsider the issue. In *United States v. Vargas*, 74 F.4th 673 (5th Cir. 2023) (en banc), we did so. *Vargas* "reaffirm[ed] our longstanding precedent that inchoate offenses like conspiracy are included in the definition of 'controlled substance offense.'" *Id.* at 698.

Where "there can be no substantial question as to the outcome of the case," summary disposition is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.