# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2007

Charles R. Fulbruge III
Clerk

No. 06-41170

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JUANA DELIA AGUILAR

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:

Juana Aguilar appeals her conviction in the district court for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine.  Finding no error, we AFFIRM.

I.

In January 2006, Aguilar was arrested crossing the bridge at the border between Matamoros, Mexico and Brownsville, Texas[1] when customs officers found 7.25 kilograms of cocaine hidden near the radiator of the car she was

---

[1] Aguilar is a United States citizen who lives in Matamoros, Mexico. She requests that we take judicial notice that the land on which Brownsville is located was annexed from Mexico by the Treaty of Guadalupe Hidalgo in order to place the trial testimony in the correct cultural and sociological context.  We decline to do so because that fact is not relevant to our decision.

driving. She was indicted on two counts: conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and possession with intent to distribute more than five kilograms of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(A). In March 2006, Aguilar appeared for rearraignment and attempted to plead guilty on the count of possession with intent to distribute cocaine. The district court asked the government to read the possession count of the indictment and recite a summary of the expected witness testimony. When asked directly by the court, Aguilar denied that she knew that there were any drugs in her vehicle and denied that she had knowledge of any facts that would have suggested that there might have been drugs in the vehicle. The court did not accept her guilty plea and proceeded to jury trial.

Prior to trial, Aguilar filed a motion to list witnesses. At a pretrial hearing in February 2006, the court granted Aguilar's motion, requiring the government to provide its witness list at the time of jury selection. Before the venire panel, the court asked the government to list its witnesses. The government recited its list of witnesses, but did not include DEA agent Robert Franklin. At trial, the government called Agent Franklin during its case-in-chief to give testimony regarding the identity of a number found in one of the cell phones in Aguilar's possession at the time of her arrest. Aguilar's counsel objected that Franklin was not listed on a witness list. The government responded that, in any event, Franklin would have been a rebuttal witness regarding information provided about the phones and phone numbers. The court overruled Aguilar's objection.

Agent Franklin identified a telephone number as the number his confidential informant gave him, representing it to be the number of Martin Soto, a DEA fugitive and leader of a drug organization. Agent Morrisey, who had investigated Aguilar's case, then testified that the number Agent Franklin identified was listed in Aguilar's cell phone directory under the name "Martin."

Agent Morrisey had previously testified that a call between Aguilar's phone and "Martin's" phone had taken place on the day of her arrest at around the same time she was attempting to cross the bridge into Brownsville. Aguilar testified that the phone number belonged to her boyfriend in Matamoros, whom she identified as Martin Sanchez-Zuniga. When asked, she made a bare denial, without explanation, that her boyfriend Martin was in fact Martin Soto.

The jury found Aguilar guilty of both counts on which she was indicted. She appeals her conviction, seeking a new trial.

## II.

### A.

Aguilar challenges the district court's admission of Agent Franklin's testimony under the Sixth Amendment and the Due Process Clause. She contends that allowing him to testify despite the absence of his name from the government's witness list undercut defense counsel's ability to subject the prosecution's case to adversarial testing. Aguilar also contends that it was error to allow the government to call Agent Franklin as a witness in its case-in-chief without first disclosing his identity to potential jurors to permit voir dire as to any relationship between the jurors and the witness.

The Supreme Court has established that there is no constitutional right to pretrial discovery of witnesses in non-capital cases. Weatherford v. Bursey, 429 U.S. 545, 559, 97 S.Ct. 837 (1977). The district court's order instructing the government to provide a list of witnesses is a discovery order. We review the admission of evidence that violates a discovery order for abuse of discretion. In such cases we will order a new trial "only where a defendant demonstrates prejudice to his substantial rights." United States v. Cuellar, 478 F.3d 282, 293 (5th Cir. 2007); United States v. Johnston, 127 F.3d 380, 391 (5th Cir. 1997) (reviewing admission of evidence in violation of discovery orders under abuse of discretion standard). See also United States v. Brock, 833 F.2d 519, 522 (5th Cir.

1987) (finding no abuse of discretion in district court's admission of the testimony of four witnesses who had not been disclosed according to a pretrial order but had been disclosed at voir dire and one rebuttal witness who had not been disclosed before trial or at voir dire). We also review questions as to the adequacy of jury voir dire for abuse of discretion. See United States v. Bieganowski, 313 F.3d 264, 272-74 (5th Cir. 2002) (reviewing district court's denial of plaintiff's request to conduct individual voir dire of jurors for abuse of discretion).

Even if the district court abused its discretion in admitting Agent Franklin's testimony on the grounds that he was not on a witness list or identified at jury voir dire, Aguilar has not shown prejudice to her substantial rights.[2] Aguilar did not cross examine Agent Franklin, nor move for a continuance, nor ask the district court to inquire whether any of the jurors knew Franklin. Aguilar does not argue on appeal that any of the jurors in fact knew Franklin; neither does she argue that there was any way in which she would have been better prepared to subject his testimony to adversarial testing if his name had been disclosed on a witness list. The government provided an explanation for the absence of Franklin's name on the witness list, and Aguilar does not allege that his name was withheld in bad faith. We find no prejudice to Aguilar's substantial rights in the district court's admission of Agent Franklin's testimony under these circumstances, and we therefore hold that the court committed no reversible error.

B.

Aguilar also contends that insufficient evidence supports her conviction. The elements of possession of cocaine with intent to distribute are (1) knowledge, (2) possession, and (3) intent to distribute. See United States v. Mata, 491 F.3d 237, 242 (5th Cir. 2007). To prove a conspiracy, the government must show (1)

---

[2] There was no objection to Agent Franklin's testimony on any other grounds.

an agreement between two or more people to violate federal drug laws, (2) defendant's knowledge of the agreement, and (3) defendant's voluntary participation in the agreement. See United States v. Ricardo, 472 F.3d 277, 283 (5th Cir. 2006). Aguilar challenges only the sufficiency of the evidence regarding the knowledge element of both counts and concedes the other elements.

We ordinarily review the sufficiency of the evidence by determining whether a rational juror could have found the elements of the offense proved beyond a reasonable doubt. United States v. Yi, 460 F.3d 623, 629 (5th Cir. 2006). When, however, a defendant fails to move for a judgment of acquittal and thereby fails to preserve the issue for appeal, we review merely to determine whether the conviction amounts to a manifest miscarriage of justice. United States v. Valles, 484 F.3d 745, 752-53 (5th Cir. 2007). Under this standard, we will reverse a conviction only if the record is devoid of evidence pointing to guilt. Id. Because Aguilar did not move for a judgment of acquittal, we review her conviction only for a manifest miscarriage of justice.[3]

We have stated that "[a] jury may infer knowledge from the defendant's control over a vehicle containing contraband unless the drugs are hidden . . . in which case proof of the defendant's knowledge depends on inference and circumstantial evidence." United States v. Garcia-Flores, 246 F.3d 452, 454 (5th Cir. 2001). In addition to evidence of possession of the contraband, the government also presented other evidence of Aguilar's knowledge.

---

[3] Aguilar requests that we take judicial notice "that the district court rejected the proffered plea as insufficient because Ms. Aguilar did not know about the drugs." Appellant's Brief at 6. She argues that the standard of review for sufficiency of the evidence should be relaxed based on the district court's rejection of her guilty plea.

Rule 11(b)(3) requires that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3). Aguilar presents no authority for the proposition that a district court's refusal to accept a guilty plea for lack of a factual basis affects the standard by which this court reviews a subsequent conviction, and we decline to find that it does.

The government's evidence showed that Aguilar made conflicting statements to customs agents about where she lived and about the car's ownership. She stated first that she lived in Brownsville, Texas and later that she lived in Matamoros, Mexico. She also stated first that she owned the car and had purchased it one month earlier. She later said that the car belonged to her husband, who she claimed was a Brownsville Police Officer. The man to whom she referred testified that he had been her boyfriend, but that they had never been married and that he had not told her he was a police officer. Aguilar testified at trial that the car was purchased for her by her boyfriend in Matamoros, Martin Sanchez-Zuniga.

The government also asserts that Aguilar gave implausible trial testimony that she did not know the last names of several friends to whom she had spoken on her cell phone the day she was arrested. She also testified that she was driving the car even though it had mechanical problems and she had access to her brother's car, which she had driven the day before. She testified that she did not drive her brother's car on the day of her arrest because it had a flat tire.

Based on receipts from her cash purchases the day preceding the arrest and the approximately $790 found on her person, the government presented evidence that Aguilar had been in recent possession of at least $1,743 in cash, an amount consistent with that advanced to drivers transporting cocaine. See United States v. Gamez-Gonzalez, 319 F.3d 695, 699 (5th Cir. 2003) (stating that $1,600 was consistent with the amount advanced to drivers transporting cocaine).

We previously have found that a number of the types of evidence presented by the government reasonably can be relied upon as circumstantial evidence of guilty knowledge. See United States v. Villarreal, 324 F.3d 319, 325 (5th Cir. 2003) (discussing inconsistent statements and implausible explanations); Gamez-Gonzalez, 319 F.3d at 699 (discussing cash in driver's possession). And

6

although the preceding evidence is sufficient under our standard of review, it is bolstered by the evidence of Aguilar's call to or from a number programmed into her cell phone under "Martin." The government presented testimony that the number belonged to Martin Soto, the known leader of a drug organization. Despite Aguilar's denial that the "Martin" to whom she spoke was in fact Martin Soto, a reasonable jury could have concluded that her testimony on this issue was not credible.

Although Aguilar presented testimony attempting to explain the government's evidence against her, we do not find that the record is devoid of evidence pointing to guilt; thus there was no manifest miscarriage of justice.

C.

Finally, Aguilar asks that we reverse her conviction on grounds of ineffective assistance of counsel. We have held that "Sixth Amendment claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court." United States v. Partida, 385 F.3d 546, 568 (5th Cir. 2004) (citation omitted). This court will consider such claims on direct appeal only in "rare cases" in which the record allows a reviewing court to "fairly evaluate the merits of the claim." Id. In the instant case, the district court did not hold a hearing and the record does not provide sufficient detail about trial counsel's conduct and motivations to allow this court to make a fair evaluation of the merits of Aguilar's claim. Therefore, Aguilar's appeal on this ground is DENIED without prejudice to collateral review.

III.

For the foregoing reasons, Aguilar's conviction is

AFFIRMED.