# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 10, 2010

Charles R. Fulbruge III
Clerk

No. 09-50250
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BYRON SEGURA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1462-1

Before GARWOOD, DENNIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Byron Segura pleaded guilty to conspiracy to possess with the intent to distribute 1000 kilograms or more of marijuana and was sentenced to 168 months of imprisonment. On appeal, Segura, represented by new counsel, for the first time contends only that trial counsel was ineffective in counseling him prior to his guilty plea. He contends that counsel's failure to properly explain the factual basis to him resulted in confusion. Segura asserts in a general manner that counsel did not properly advise him of the factual basis and its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consequences at sentencing.  No claim of ineffective assistance of counsel was raised below.

Although Segura's plea agreement contained a waiver-of-appeal provision, Segura retained the right to bring a claim of ineffective assistance of counsel. Thus, this appeal is not barred by the waiver.  However, Segura's challenge to counsel's effective assistance will not be reviewed by this court.  Generally, this court addresses claims on direct appeal of inadequate representation not raised in the trial court only in rare cases where the record is adequate to allow the court to consider the claim's merits. *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987); *United States v. Aguilar*, 503 F.3d 431, 436 (5th Cir. 2007).[1] In the instant case, the record is not sufficiently developed.  The district court had no opportunity to hold a hearing.  *See Aguilar*, 503 F.3d at 436.  Segura failed to place on the record sufficient detail about trial counsel's conduct and motivations, and discussions with him, to allow this Court to make a fair evaluation of the merits of Segura's claim.  *See id*.  Therefore, this court declines to consider this claim without prejudice to Segura's right to raise it in a 28 U.S.C. § 2255 motion.  *See Massaro v. United States*, 538 U.S. 500, 502-06 (2003) (noting that habeas proceedings are the preferred method for raising an ineffective assistance of counsel claim).

Accordingly, the judgment of the district court is AFFIRMED.

---

[1] The government requests that we affirm on the basis of this doctrine.  We agree, but make no determination as to whether the claim facially has even arguable merit.