# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2010

Lyle W. Cayce
Clerk

No. 08-30383
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO MARGARITO RAMOS-BARRERA, also known as Paul; JOSE ALFONZO GARCIA,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CR-20013-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Codefendants Pablo Margarito Ramos-Barrera (Ramos) and Jose Alfonzo Garcia were convicted by a jury of conspiracy to possess with intent to distribute methamphetamine (count one) and possession with intent to distribute methamphetamine (counts two and three). The jury also found Garcia guilty of reentry of a deported alien (count four). Ramos was sentenced to 294 months of imprisonment and five years of supervised release on counts one through three,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to be served concurrently.  Garcia was sentenced to 300 months of imprisonment on counts one through three and 120 months of imprisonment on count four, to be served concurrently.  Garcia was also sentenced to 10 years of supervised release on count one, eight years of supervised release on counts two and three, and three years of supervised release on count four, to be served concurrently.

Ramos argues that the evidence was insufficient to support his conviction. He concedes that the Government presented evidence of methamphetamine or a substance or mixture containing methamphetamine and that he rented the property at which some of the methamphetamine was buried, but he argues that the Government did not prove that he possessed the methamphetamine with intent to distribute it or that he conspired with others to do so.

Destrey Davis's and Darrell Constantin's testimony that Ramos personally supplied them with methamphetamine on a weekly or bi-weekly basis demonstrated that Ramos knowingly possessed methamphetamine with the intent to distribute it and that Ramos knowingly had agreed with Davis and Constantin separately to possess with intent to distribute methamphetamine. *See United States v. Aguilar*, 503 F.3d 431, 434-35 (5th Cir. 2007); *United States v. Peñaloza-Duarte*, 473 F.3d 575, 579 (5th Cir. 2006); *United States v. Judd*, 889 F.2d 1410, 1415 (5th Cir. 1989).  Although Ramos attempts to discredit Davis's and Constantin's testimony on the basis that they changed their stories before trial and admitted that their testimony was the result of favorable plea agreements, any credibility determinations are resolved in favor of the jury's verdict, and their testimony was capable of supporting Ramos's conviction despite the favorable plea agreements.  *See United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008); *United States v. Resio-Trejo*, 45 F.3d 907, 910 (5th Cir. 1995).  Accordingly, any reasonable trier of fact could have found that the evidence, when viewed in the light most favorable to the jury's verdict, established guilt beyond a reasonable doubt.  *See Resio-Trejo*, 45 F.3d at 910; *United States v. Martinez*, 975 F.2d 159, 160-61 (5th Cir. 1992).

Ramos also argues that the district court clearly erred in increasing his offense level by two levels pursuant to U.S.S.G. § 3B1.1(c) based on a finding that he had a role as an organizer or leader.  However, Davis's and Constantin's testimony indicates that, at minimum, Ramos asserted control or influence over Constantin and Davis.  *See United States v. Jobe*, 101 F.3d 1046, 1065 (5th Cir. 1996),  Accordingly, Ramos has not shown that the district court's finding was implausible in light of the record as a whole, and thus he has not shown that the district court clearly erred in imposing the increase.  *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006).

Ramos further argues that the district court erred in holding him accountable for over 15 kilograms of methamphetamine at sentencing.  However, Ramos has not shown that the district court's determination that Davis alone obtained more than 15 kilograms of methamphetamine from Ramos was implausible in light of the record as a whole, and thus Ramos has not shown that the district court clearly erred in determining the drug quantity attributable to him.  *See Rose*, 449 F. 3d at 633.

Garcia argues that the district court abused its discretion in sentencing him within the guidelines range to 300 months of imprisonment for counts one through three.  He argues that the Guidelines recommend disparately harsh sentences for lower-level players in criminal organizations.  He further contends that his criminal history was overrepresented because it included an offense that was part of the same course of conduct for which he was convicted and that he should have received a "downward departure" based on his minimal role in the offense.  Additionally, he argues that a 10-year sentence of imprisonment would have been adequate under the 18 U.S.C. § 3553(a) factors and that the district court did not consider his "humble origins," his illiteracy, his vulnerability, and his "relatively minor and scant participation" when it sentenced him.  Because Garcia did not raise this argument before the district court, we review for plain error.  *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

The record demonstrates that the district court considered the § 3553(a) factors and Garcia's arguments at sentencing before determining that his within-guidelines sentence was appropriate. Garcia has failed to rebut the presumption of reasonableness that this court applies to his within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Accordingly, Garcia has not shown that the district court committed plain error by imposing an unreasonable sentence. *See Peltier*, 505 F.3d at 391-92.

AFFIRMED.