# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

Lyle W. Cayce
Clerk

No. 10-31229
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENTRELL WASHINGTON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-212-1

Before KING, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Kentrell Washington pleaded guilty to a superseding indictment charging him with felon in possession of a firearm. Four months after his rearraignment and two days prior to sentencing, Washington filed a motion to withdraw his guilty plea. The district court denied Washington's motion after an analysis of the factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). Washington appeals the district court's ruling.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31229

This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). In reviewing the denial of a motion to withdraw a guilty plea, this court considers the *Carr* factors: Whether (1) the defendant asserted his innocence, (2) withdrawal would prejudice the government, (3) the defendant delayed in filing the withdrawal motion, (4) withdrawal would inconvenience the court, (5) close assistance of counsel was available to the defendant, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-44. Based on a totality of the circumstances, Washington has failed to show that the district court abused its discretion in denying his motion to withdraw his guilty plea. *See McKnight*, 570 F.3d at 645. Washington did not raise his Sixth Amendment ineffective assistance of counsel claim based on a conflict of interest before the district court. Accordingly, this court will not consider the claim on direct appeal. *See United States v. Aguilar*, 503 F.3d 431, 436 (5th Cir. 2007). This does not prejudice Washington, however, from raising the claim in a 28 U.S.C. § 2255 motion. *See United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).

Washington argues that the district court plainly erred in enhancing his sentence under U.S.S.G. § 2K2.1(a)(2). Specifically, he asserts that there was no documentation introduced to show that his two Texas convictions constituted "controlled substance offenses" as defined by U.S.S.G. § 4B1.2. He contends that his substantial rights were violated because his guideline range would have been lower than the 77 to 96 months that the presentence report (PSR) calculated.

Washington did not object to the PSR or the district court's finding that he had two prior convictions for controlled substance offenses. Accordingly, this court reviews Washington's argument for plain error. *See United States v. Garza-Lopez*, 410 F.3d 268, 272 (5th Cir. 2005). The PSR was the only evidence before the district court to support a finding that Washington was convicted of two offenses that qualified as controlled substance offenses for purposes of

2

No. 10-31229

§ 2K2.1(a)(2). Thus, the district court committed a clear or obvious error in assigning Washington's offense level under § 2K2.1(a)(2). *See Garza-Lopez*, 410 F.3d at 273-75. This error affected Washington's substantial rights because it is impossible to tell from the record if Washington's conviction for "Delivery of a Controlled Substance Less Than 1 Gram Namely Cocaine" qualifies as a controlled substance offense for purposes of § 2K2.1. *See United States v. Price*, 516 F.3d 285, 288-89 (5th Cir. 2008); *Garza-Lopez*, 410 F.3d at 274-75. Additionally, the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. McCann*, 613 F.3d 486, 503 (5th Cir. 2010). Accordingly, Washington's sentence is vacated and remanded for resentencing.

The Government has filed a motion to strike a portion of Washington's reply brief in which Washington sought to introduce new evidence before this court. The motion is granted. *See United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974).

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING; MOTION TO STRIKE GRANTED.