# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2012

Lyle W. Cayce
Clerk

No. 10-31029
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PERLA CECILIA GUEL; WALTER JOSE MIRANDA,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CR-109

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Walter Jose Miranda appeals his jury trial conviction for two counts of possession of a prohibited object in a federal prison. He argues that the evidence presented at trial was insufficient to support his conviction. He maintains that the district court abused its discretion by admitting into evidence the heroin and marijuana filled balloons that were found in his feces because the Government did not sufficiently authenticate the evidence. Miranda also argues that the district court's jury instruction on constructive possession was plainly erroneous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31029

Miranda did not move for a judgment of acquittal at the close of the Government's case or the close of the evidence.  He did, however, file a pretrial motion to suppress the drug evidence and he objected to the introduction of the drug evidence during trial.  On appeal, Miranda makes separate arguments regarding the sufficiency of the evidence and the district court's admitting the drugs into evidence.  Thus, Miranda properly preserved his challenge to the admission of the drug evidence, but he failed to preserve his challenge to the sufficiency of the evidence.  *See United States v. Aguilar*, 503 F.3d 431, 435 (5th Cir. 2007).  As Miranda did not object to the jury instructions in the district court, he failed to properly preserve that claim.  *See United States v. Hickman*, 331 F.3d 439, 443 (5th Cir. 2003); FED. R. CRIM. P. 30(d).  Accordingly, we review Miranda's challenges to the sufficiency of the evidence and the jury instructions for plain error and his challenge to the admission of the drug evidence for abuse of discretion.  *See United States v. Delgado*, 672 F.3d 320, 331-32 (5th Cir. 2012) (en banc); *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011); *Hickman*, 331 F.3d at 443.  To show plain error, Miranda must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error, but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*  For the insufficiency of the evidence to be clear or obvious error, the conviction must be a manifest miscarriage of justice.  *Delgado*, 672 F.3d at 331.  A manifest miscarriage of justice "occurs only where the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense that is so tenuous that a conviction would be shocking."  *United States v. Rodriguez-Martinez*, 480 F.3d 303, 307 (5th Cir. 2007) (internal quotation marks, brackets, and citation omitted).

The evidence presented at trial showed that Miranda, a prisoner at United States Penitentiary Pollock, was placed into a dry cell with no running water

after he was observed kissing co-defendant Perla Cecilia Guel in a strange manner and immediately taking a drink after each kiss. While locked in the dry cell, Miranda defecated three times, and prison officers found balloons in the feces and opened balloons hidden in the holes in the walls of the dry cell. The contents of the balloons tested positive for heroin and marijuana. Based upon this evidence, the record is not devoid of evidence of Miranda's guilt, and Miranda's conviction is not a manifest miscarriage of justice. *See Delgado*, 672 F.3d at 331; *United States v. Flores-Chapa*, 48 F.3d 156, 161 (5th Cir. 1995) ("Juries are free to use their common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence.").

There was an admitted break in the chain of custody of the drug evidence. However, "[a]ny break in the chain of custody goes to the weight of the evidence, not its admissibility." *United States v. Smith*, 481 F.3d 259, 265 (5th Cir. 2007). While the number of balloons collected by prison officials did not match the number introduced into evidence, testimony presented by the Government explained the reason for the discrepancy. Even though the dry cell was not thoroughly searched before Miranda was placed in it, there was sufficient evidence from which an inference could be drawn that the drug filled balloons recovered from Miranda's dry cell had been ingested by Miranda. Accordingly, the Government made the necessary showing of competent information to support authenticity, and the district court did not abuse its discretion by admitting the drug evidence. *See id.*

The district court instructed the jury that a person is in constructive possession of a thing if he "knowingly has the power -- both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons." That instruction was part of a larger instruction on possession that was a verbatim copy of the pattern jury instruction on possession. *See* Fifth Circuit Pattern Jury Instruction 1.31 (2001).

No. 10-31029

The district court did not commit error, plain or otherwise, in its jury instruction on constructive possession. *See United States v. Cano-Guel*, 167 F.3d 900, 906 (5th Cir. 1999). The judgment of the district court is AFFIRMED as to Miranda.

The attorney appointed to represent Guel has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Guel has filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Guel's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED as to Guel. *See* 5TH CIR. R. 42.2.