# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2021

Lyle W. Cayce
Clerk

No. 19-11112

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SYLVIA DIAZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:18-CR-293-2

Before HIGGINBOTHAM, SMITH, and DENNIS, *Circuit Judges*.
JERRY E. SMITH, *Circuit Judge*:

Sylvia Diaz ("Diaz") pleaded guilty of conspiring to acquire a firearm from a licensed firearms dealer by false or fictitious statement. She asserts that her guilty plea was not knowing and voluntary, that she was vindictively or selectively prosecuted, and that her trial counsel was constitutionally ineffective. We affirm the conviction and dismiss without prejudice the claim of ineffective assistance of counsel ("IAC").

I.

Diaz and her husband, Jose Diaz ("Jose"), served as illegal straw-

purchasers in a weapons-trafficking arrangement. They purchased firearms from commercial gun sellers and delivered them to a third party, Jorge, who would then traffic the weapons into Mexico. Agents working for the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") caught on to the scheme and approached the Diazes. Jose admitted that they were involved in the straw-purchaser arrangement but clarified that they were not personally trafficking weapons into Mexico. ATF agents informed the Diazes that what they were doing was illegal and produced a cease-and-desist letter, which the Diazes signed.

ATF agents also sought Jose's cooperation for their investigation into Jorge. Although Jose expressed fear for his family's safety, he initially agreed to cooperate. He provided the agents with Jorge's telephone number and informed them of an upcoming meeting the Diazes had scheduled with Jorge, at which the Diazes were to deliver more firearms to him. Jose then agreed to meet with the agents two days later to discuss the investigation further. But before that meeting took place, the Diaz family fled to Mexico. A few months later, the federal government issued an arrest warrant for Diaz. She was arrested roughly eight months after that, in February 2019, when she tried to re-enter the United States.

Diaz was indicted for conspiring to acquire a firearm from a licensed firearms dealer by false or fictitious statement, in violation of 18 U.S.C. §§ 371 and 922(a)(6). She pleaded guilty, and the district court sentenced her to 58 months' imprisonment. As a part of her plea agreement, she waived her right to appeal most issues. The waiver expressly reserved the right to appeal on three specific grounds: (1) if her sentence exceeded the statutory maximum punishment or was the result of an arithmetic error; (2) to challenge the voluntariness of the guilty plea or the waiver of appeal; and (3) to bring a claim of IAC.

No. 19-11112

## II.

Diaz contends that "[a] defendant cannot 'knowingly violate' § 922(a)(6)"—as required by 18 U.S.C. § 924(a)(2)—"without having the intention to knowingly make a false statement to a seller whom the defendant actually knows is a federally-'licensed dealer.'" Thus, because the district court did not inform her expressly that the government would have to prove that she knew she lied to a seller whom she knew to be a licensed dealer, it is Diaz's position that her guilty plea was not knowing and voluntary.

Because Diaz raises that objection for the first time on appeal, we review only for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). Plain error exists "when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Garcia-Rodriguez*, 415 F.3d 452, 454 (5th Cir. 2005). Even then, the court may exercise its "discretion to notice a forfeited error . . . only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted). And "if a defendant's theory requires the extension of precedent, any potential error could not have been plain." *Id.* at 455 (quotation omitted).

### A.

A guilty plea "must be voluntary, knowing, and intelligent." *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir.), *cert. denied*, 140 S. Ct. 320 (2019). "[T]he defendant must be instructed in open court on the nature of the charge to which the plea is offered . . . ." *United States v. Broce*, 488 U.S. 563, 570 (1989) (quotation omitted). A guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts . . . ." *Id.* (quotation omitted).

Section 924 provides the penalty for those who commit any one of the unlawful acts described in § 922. As relevant here, § 922(a)(6) makes it

unlawful "for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a . . . licensed dealer . . . knowingly to make any false or fictitious oral or written statement" that is "intended or likely to deceive such . . . dealer . . . with respect to any fact material to the lawfulness of the sale . . . ."  Section 924(a)(2), in turn, punishes "[w]hoever *knowingly* violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 . . . ."  (Emphasis added.)

### 1.

Before we reach the requirements to convict under § 922(a)(6), we make a brief detour into § 922(g)—another subsection to which § 924(a)(2) applies.  Section 922(g) criminalizes possession of a firearm by certain categories of persons, such as illegal aliens.  § 922(g)(5)(A).  In *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), the Court held  "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."

The Court reasoned that the scienter requirement in § 924(a)(2) meant that the government must prove that the defendant "knew he violated the material elements of § 922(g)," *id.* at 2196, among which is "the defendant's status" as "belong[ing] to the relevant category of persons barred from possessing a firearm," *id.* at 2196–97, 2200.  Thus, the Court reversed the conviction because the government was required to prove not only that Rehaif knew he possessed a firearm, but also that he knew he was "an alien illegally or unlawfully in the United States . . . ."  *Id.* at 2198 (quotation omitted).

### 2.

Diaz seeks to extend *Rehaif*'s reasoning to § 922(a)(6).  According to her, to convict for conspiracy to violate § 922(a)(6), the government must

prove not only that she knowingly made a false statement but also that she made such statement to a seller she knew to be a licensed dealer. But *Rehaif* does not compel that conclusion. As an initial matter, *Rehaif* expressly cabined its holding, even limiting its application in relation to other portions within subsection (g). The Court "express[ed] no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue" in that case. *Id.* at 2200. Neither did it express a view about what the government must prove to establish the defendant's knowledge for subsection (a)(6).

More fundamentally, *Rehaif* dealt with "a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2) . . . ." *Id.* Diaz fails to recognize that her prosecution is under §§ 371 and 922(a)(6). The scienter requirement that the court imputed onto § 922(g), which Diaz seeks to apply to § 922(a)(6), comes from a third statute—§ 924(a)(2)—that is altogether not at issue. Thus, even if *Rehaif* compels the inclusion of the scienter requirement for which Diaz advocates for prosecutions under §§ 922(a)(6) and 924(a)(2), that is not the crime of which she pleaded guilty. And § 371 does not contain the "knowingly" requirement included in § 924(a)(2).

In any event, even after *Rehaif*, and even for prosecutions under §§ 922(a)(6) and 924(a)(2), we have continued to adhere to our long-held view of what the government must prove under § 922(a)(6).[1] Indeed, we recently described the elements of § 922(a)(6) as follows: "that the defendant knowingly made false statements and that such statements were intended to deceive or likely to deceive a federally licensed firearms dealer with respect to any fact material to the lawfulness of the sale." *Fields*, 977 F.3d

---

[1] *See United States v. Fields*, 977 F.3d 358, 362–63 (5th Cir. 2020) (stating what "the government must show" to convict under § 922(a)(6) and proceeding to quote the elements as provided in a 1985 case).

at 363 (cleaned up).  Nowhere did we mention a scienter requirement as it pertained to the status of the dealer.

As one might expect, that characterization tracks closely with the Fifth Circuit Pattern Jury Instructions for prosecutions under § 922(a)(6), which the district court followed nearly to the letter:

> *First*: That the defendant made a false [fictitious] oral [written] statement; *Second*: That the defendant knew the statement was false; *Third*: That the statement was made in connection with the acquisition of a firearm [ammunition] from a licensed firearm [ammunitions] dealer; *Fourth*: That the statement was intended or was likely to deceive a licensed firearm [ammunitions] dealer; and *Fifth*: That the alleged false statement was material to the lawfulness of the sale or disposition of the firearm [ammunition].

PATTERN JURY INSTRUCTIONS: FIFTH CIRCUIT, CRIMINAL CASES § 2.43B (2019) (brackets in original).

Thus, neither Fifth Circuit precedent nor the Pattern Jury Instructions include the knowledge requirement that Diaz seeks to impose.  Moreover, supposing, for argument's sake, that *Rehaif* imposed a heightened scienter requirement for prosecutions under §§ 924(a)(2) and 922(a)(6)—a supposition that we at least implicitly rejected in *Fields*—that has no bearing on prosecutions under §§ 371 and 922(a)(6).  And even if it did, to hold that would require an extension of precedent.  *See Fields*, 977 F.3d at 363.  The district court, therefore, did not plainly err when it instructed Diaz as to the elements of § 922(a)(6).  *See Garcia-Rodriguez*, 415 F.3d at 455.[2]

---

[2] Even under *de novo* review, and even if we took at face value Diaz's characterization of her prosecution as invoking § 924(a)(2), her contention still would fail.  The "licensed dealer" requirement in § 922(a)(6) is a jurisdictional element.  And "[b]ecause jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter."

No. 19-11112

## III.

Diaz claims selective or vindictive prosecution, averring that the government prosecuted her in retaliation only after she and her husband had refused to cooperate in the ATF investigation. That claim is further bolstered by the fact that, as Diaz puts it, "the Government virtually never, if ever, prosecutes people who abide by . . . cease and desist letters."

## A.

As an initial matter, we must determine whether Diaz forfeited her right to raise this issue on appeal. Diaz attempts to circumvent the appeal waiver by reframing her claims. In her view, because she "should not have been prosecuted at all due to prosecutorial vindictiveness or selective prosecution, then any sentence [she] received would exceed the statutory maximum."[3] That theory is flawed.

We "determine whether the waiver applies to the circumstances at hand[] based on the plain language of the plea agreement." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). And we construe the "language in the appellate waiver . . . in accord with the intent of the parties at the time the plea agreement was executed." *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005) (per curiam). "In the absence of evidence that the parties to the agreement intended . . . a specialized, non-natural definition, we apply the term's usual and ordinary meaning . . . ." *United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005). The "natural and ordinary meaning" of

*Rehaif*, 139 S. Ct. at 2196.

[3] Additionally, Diaz asserts that her appeal waiver was not knowing and voluntary for the same reason that her guilty plea was involuntary, because the district court did not extend *Rehaif* to require knowledge as to the status of the federally-licensed dealer. Because § 922(a)(6) does not require the government to prove such knowledge, that notion has no merit for the same reasons provided above.

"the statutory maximum" is "the upper limit of punishment that Congress has legislatively specified for violations of a statute." *Cortez*, 413 F.3d at 503 (quotation omitted).

Diaz pleaded guilty of conspiring to acquire a firearm from a licensed firearms dealer by false or fictitious statement in violation of § 371 and reserved her right to appeal that conviction if her sentence exceeded the statutory maximum. She concedes that "the upper limit of punishment" for offenses under § 371 is 60 months. *See id.* (quotation omitted). And she provides "no indication that the parties intended that the exception in the appellate waiver for a sentence exceeding the statutory maximum punishment would have a meaning other than its ordinary and natural meaning." *Id.* (quotation omitted).

Thus, "based on the plain language of the plea agreement," *McKinney*, 406 F.3d at 746, only if the district court sentenced Diaz to more than 60 months would the exception to the appellate waiver apply. Because she was sentenced to only 58 months, the exception is inapplicable.

## IV.

Diaz claims that her trial counsel was constitutionally ineffective. Because, as Diaz describes it, individuals who receive and abide by ATF cease-and-desist letters are rarely, if ever, prosecuted, she asserts that counsel's failure to investigate and mount a vindictive- or selective-prosecution defense on those grounds constituted deficient performance. And, according to her, the deficiency prejudiced her because she otherwise would not have pleaded guilty.[4]

---

[4] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating that a defendant must show both deficiency and prejudice to state a claim for IAC).

No. 19-11112

Although this appeal waiver specifically excepts the right to bring an IAC claim, the general rule is that IAC claims "should not be litigated on direct appeal, unless they were previously presented to the trial court. It is only in rare cases in which the record allows a reviewing court to fairly evaluate the merits of the claim that we will consider" it. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (cleaned up). Diaz submits that hers is one of those "rare cases." We disagree.

"[T]he exception to our general rule of non-review is typically satisfied only where the actual claim was raised and developed in a post-trial motion to the district court."[5] In some circumstances, even if no hearing or post-trial motion was held, the record may "provide sufficient detail about trial counsel's conduct and motivations to allow this court to make a fair evaluation of the merits of the defendant's claim." *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008) (per curiam) (cleaned up).

Diaz does not assert that the IAC claim "was raised and developed in a post-trial motion to the district court." *Stevens*, 478 F.3d at 245. Nor does she contend that the record provides any "detail about trial counsel's conduct and motivations . . . ." *United States v. Aguilar*, 503 F.3d 431, 436 (5th Cir. 2007) (per curiam).

Instead, Diaz relies on the following: Although the presentence investigation report refers to the cease-and-desist letter, the letter is not in the record, there is no discovery request for it, and there is no motion to dismiss based on vindictive or selective prosecution. But those facts fail to establish whether trial counsel was aware of the letter, whether he investigated the frequency with which individuals receiving such letters are prosecuted, or

---

[5] *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007), *abrogated in part on other grounds*, *United States v. Vasquez*, 899 F.3d 363, 372 (5th Cir. 2018).

No. 19-11112

whether he determined, in his professional judgment, that Diaz would be better served by not pressing those claims and instead seeking a more favorable plea agreement.[6]

Diaz counters that, "[a]t a minimum, a copy of the cease and desist letter should have been . . . reviewed . . . to determine whether it contained any express or implied agreements not to prosecute her . . . ." But that is mere speculation. She cannot point to any evidence to establish that trial counsel never reviewed the letter.

"[B]ecause the district court did not hold a hearing and the record does not provide sufficient detail about trial counsel's conduct and motivations to allow this court to make a fair evaluation" of Diaz's claim, it "is not ripe for review . . . ." *Gulley*, 526 F.3d at 821 (quotation omitted). Therefore, we "decline to consider the issue without prejudice to [Diaz's] right to raise it in a subsequent proceeding." *Id.*

For the reasons explained, Diaz's conviction is AFFIRMED, and her claim of IAC is DISMISSED without prejudice.

---

[6] *See United States v. Fields*, 761 F.3d 443, 454 (5th Cir. 2014) (explaining that defense counsel may make "tactical decision[s]" if "counsel has developed a reasonable mitigation theory").