# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2021

Lyle W. Cayce
Clerk

No. 20-50466
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Rodolfo Hernandez-Villanueva,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-61-2

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Rodolfo Hernandez-Villanueva was convicted of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(B); possession with intent to distribute cocaine and aiding and abetting, in violation of § 841(a)(1)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50466

and (b)(1)(B) and 18 U.S.C. § 2; and possession of firearms in furtherance of a drug-trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(a)(i) and 2. He raises one claim on appeal: that his trial counsel rendered ineffective assistance in failing to challenge properly the Government's use at trial of an English-language transcription of certain recorded statements made in Spanish.

In most instances, the record is insufficiently developed to permit a fair evaluation of claims of ineffective assistance of counsel on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *United States v. Aguilar*, 503 F.3d 431, 436 (5th Cir. 2007). Such is the case here. Hernandez-Villanueva did not raise his claim in the district court, and we are unable to assess it on the record before us. We therefore decline to consider the claim, without prejudice to collateral review. *See Isgar*, 739 F.3d at 841; *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008).

AFFIRMED.