# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 22, 2021

Lyle W. Cayce
Clerk

No. 21-20032
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Ajay Dhingra,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:19-CR-648-1

Before Smith, Stewart, and Graves, *Circuit Judges*.
Per Curiam:*

Ajay Dhingra was convicted at a bench trial of making a false statement in connection with the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) and possession of a firearm by a person adjudicated mentally ill or committed to a mental institution in violation of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20032

18 U.S.C. §§ 922(g)(4) and 924(a)(2). On appeal, Dhingra contends that there was insufficient evidence in support of his convictions.

We focus on whether substantial evidence supports the district court's conclusion that the defendant is guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government and deferring to the reasonable inferences drawn by the district court. *United States v. Tovar*, 719 F.3d 376, 388 (5th Cir. 2013).

To establish a violation of § 922(a)(6), the government must demonstrate "that the defendant knowingly made false statements and that such statements were intended to deceive or likely to deceive a federally licensed firearms dealer with respect to any fact material to the lawfulness of the sale." *United States v. Diaz*, 989 F.3d 390, 394 (5th Cir. 2021) (quoting *United States v. Fields*, 977 F.3d 358, 363 (5th Cir. 2020)), *petition for cert. filed* (U.S. Aug. 18, 2021) (No. 21-5484). Under § 922(g)(4), it is unlawful for any person "who has been adjudicated as [mentally ill] or who has been committed to a mental institution" to possess a firearm. *United States v. Giardina*, 861 F.2d 1334, 1335 (5th Cir. 1988); *see also United States v. Heon Jong Yoo*, 813 F. App'x 949, 952 (5th Cir.), *cert. denied*, 141 S. Ct. 904 (2020).

Despite Dhingra's assertion that there is insufficient evidence establishing that he knew he had been committed to a mental institution, he stipulated that he had been committed for inpatient mental health treatment in February 2006. Additionally, during an August 2019 interview with federal agents, Dhingra stated that he had been diagnosed with schizophrenia and had been involuntarily committed. His father also testified that Dhingra has expressed anger at his family for having him involuntarily committed. Finally, although "[t]emporary, emergency detentions for treatment of mental disorders or difficulties, which do not lead to formal commitments under state law, do not constitute the commitment envisioned by 18 U.S.C. § 922,"

No. 21-20032

the record demonstrates that Dhingra was formally committed to a mental institution by a Texas probate court in accordance with Texas Health & Safety Code § 574.034. *See Giardina*, 861 F.2d at 1337. Viewing this evidence in the light most favorable to the government, there was sufficient evidence justifying the district court's conclusion that Dhingra was guilty beyond a reasonable doubt of making a false statement in connection with the purchase of a firearm and being in possession of a firearm after being committed to a mental institution. *See Tovar*, 719 F.3d at 388.

AFFIRMED.