# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 28, 2022

Lyle W. Cayce
Clerk

No. 21-30460
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARQUIST KENYON BURNS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-188-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Marquist Kenyon Burns appeals the sentence imposed for his conviction of possession of a firearm by a convicted felon. He argues that his trial counsel provided ineffective assistance regarding a personal letter he filed with the district court prior to sentencing.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30460

Generally, an ineffective assistance claim "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Montes*, 602 F.3d 381, 387 (5th Cir. 2010) (internal quotation marks and citation omitted). The record is not sufficiently developed regarding, at least, counsel's motivations and strategic considerations concerning the letter and what was discussed between Burns and counsel in drafting and filing the letter. *See United States v. Diaz*, 989 F.3d 390, 396 (5th Cir.), *cert. denied*, 142 S. Ct. 368 (2021); *Montes*, 602 F.3d at 387-88. Because the record is not sufficiently developed to allow us to make a fair evaluation of Burns's claim of ineffective assistance of counsel, we decline to consider it without prejudice to collateral review. *See Diaz*, 989 F.3d at 396; *Montes*, 602 F.3d at 387-88.

AFFIRMED.