# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-40811
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Moses Moreira,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-316-1

---

Before Willett, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Moses Moreira pleaded guilty to conspiracy to commit wire fraud and wire fraud. He was sentenced to 168 total months in prison and three years of supervised release. He raises multiple challenges to his sentence.

Moreira contends that the district court wrongly applied a three-level adjustment under U.S.S.G. § 3B1.1(b) on the ground that he was a manager

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

or supervisor of a criminal activity that involved five or more participants or was otherwise extensive. Whether a defendant occupied a role as a manager or supervisor is a finding of fact that is reviewed for clear error. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015). We consider whether the record plausibly supports a finding that a defendant either controlled other participants or exercised management responsibility over property, assets, or activities. *See id.* at 283.

There is record evidence to support the finding that Moreira exercised control over the assets, property, and activities of the "romance scheme" in which he participated. In particular, he opened and oversaw bank accounts in which the proceeds of the scheme were deposited and had authority over the proceeds. *See United States v. Aderinoye*, 33 F.4th 751, 756 (5th Cir. 2022). Moreira effectively was accountable for overseeing and handling the victims' funds for the purpose of carrying out the offense. He, inter alia, arranged for receipt of the funds and advised his coconspirators how the money should be sent to him, addressed issues as to the delivery and availability of the funds, oversaw and facilitated the disbursement of funds to pay his coconspirators and others, used the funds to effectuate trade-based money laundering, and retained a portion of the funds as compensation. Furthermore, the record reflects that the scheme was otherwise extensive and involved a large number of participants, both witting and unwitting, to achieve its aims. *See* § 3B1.1 & comment. (n.3). The scam operated on a relatively large scale and relied on the services of myriad participants to defraud numerous people and entities. *See Aderinoye*, 33 F.4th at 756; *United States v. Fullwood*, 342 F.3d 409, 415 (5th Cir. 2003). Thus, the § 3B1.1(b) adjustment was properly applied.

Moreira argues that the district court wrongly decided that an 18-level increase applied under U.S.S.G. § 2B1.1(b)(1) because the loss attributable to him was between $3,500,000 and $9,500,000. We need not resolve the

question of whether Moreira preserved the issue because his claim fails under any standard. *See United States v. Infante*, 404 F.3d 376, 389 (5th Cir. 2005).

The district court did not err, clearly or otherwise, in determining that Moreira was accountable for a loss exceeding $3,500,000. While he disputes the loss finding, he effectively makes a bare denial of its correctness. Moreira has not offered evidence to rebut the loss calculation, which was detailed in the presentence report (PSR) and explained and verified by testimony at the sentencing hearing, was incorrect or unreliable. *See United States v. Simpson*, 741 F.3d 539, 557 (5th Cir. 2014). He cites no evidence that undermines the calculated amount, identifies no valid sources for the funds that were deemed victims' losses, and alleges no source of income that could legitimize those funds. The district court properly relied on the amount of funds in the bank accounts opened by Moreira to further the scheme. Investigators identified deposits and transfers into the accounts from known victims and recognized transactions that fit the pattern of funds that were fraudulently obtained via the scheme. Those transactions were attributed to the scheme based on the plausible inference that they were victims' funds. *See United States v. Masha*, 990 F.3d 436, 446-47 (5th Cir. 2021). The district court reasonably decided that most of the unexplained deposits into the accounts were fraudulent. *See id.* at 446-47; *United States v. De Nieto*, 922 F.3d 669, 675 (5th Cir. 2019); *United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007).

Moreira argues that the district court incorrectly assessed a two-level adjustment under U.S.S.G. § 3A1.1(b)(1) that applies when an offense affects an unusually vulnerable victim. He contends that the district court baselessly reasoned that the scam targeted elderly or otherwise vulnerable women and argues that there was insufficient record evidence to support that he knew or should have known that victims of the offense were especially vulnerable. We review this claim, which Moreira asserts for the first time on appeal, for plain error. *See United States v. Mazkouri*, 945 F.3d 293, 305 (5th Cir. 2019).

The district court did not plainly err in concluding that the vulnerable-victim enhancement applied. The record established that at least one victim was unusually vulnerable. *See* § 3A1.1(b)(1). The evidence—including the unrebutted PSR and the evidence offered at sentencing—reflected that the advanced age, lack of sophistication, and personal circumstances of many of the victims made them susceptible to the skillful deceit of the perpetrators of the scheme. The evidence plausibly supported that the point of the scam was to identify people online who appeared to be vulnerable and to develop close relationships with them based on a belief that they could be deceived and later defrauded. The description of specific victims' experiences, and the impact statements that some victims submitted, detailed their unique vulnerabilities. Also, the record plausibly establishes that, given his involvement in the scam, Moreira should have known that the funds placed into his accounts were from women who were deceived and entrapped by a scheme that focused on and exploited their specific vulnerabilities. Many of the women were targeted on more than one instance and made multiple transfers or deposits into the bank accounts controlled by Moreira. Thus, he at least should have known that the victims included at least one person who was a vulnerable victim under § 3A1.1. *See United States v. Myers*, 772 F.3d 213, 221 (5th Cir. 2014).

Finally, Moreira argues that a heightened burden of proof should have been used for the sentencing enhancements in this case. He alleges that his ability to discuss the case with his counsel was limited and that his counsel was ineffective on multiple grounds. We review this claim, which Moreira raises for the first time on appeal, for plain error. *See United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 (5th Cir. 1994).

Although we have noted the possibility that a heightened standard of proof may be required in cases involving a dramatic increase in sentencing based on judicial factfinding, we have never required such a burden for factual findings at sentencing. *See United States v. Simpson*, 741 F.3d 539, 558 (5th

Cir. 2014); *United States v. Mergerson*, 4 F.3d 337, 344 (5th Cir.1993). Rather, after *United States v. Booker*, 543 U.S. 220 (2005), we have held that all facts relevant to sentencing—that do not affect the statutory range—may be found by a preponderance of the evidence. *See United States v. Scroggins*, 485 F.3d 824, 834 (5th Cir. 2007); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Thus, the district court's use of the preponderance-of-the-evidence standard was not clear or obvious error. *See United States v. Fuchs*, 467 F.3d 889, 901 (5th Cir. 2006); *Mares*, 402 F.3d at 519. To the extent that Moreira seeks to assert a claim of ineffective assistance of counsel, the record is not adequately developed to allow us to review such a claim in the first instance. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *United States v. Aguilar*, 503 F.3d 431, 436 (5th Cir. 2007).

Accordingly, the judgment of the district court is AFFIRMED.