# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2025

Lyle W. Cayce
Clerk

————————

No. 24-30415

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Roxanne Carter,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CR-218-2

———————————————————————

Before Higginson, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Roxanne Carter pleaded guilty to several drug charges, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon, and was sentenced to 87 months' imprisonment. Her plea agreement included an appeal waiver subject to two exceptions: (1) the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum; and (2) the right to raise a claim of ineffective assistance

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of counsel in an appropriate proceeding. This appeal concerns the latter exception.

In this direct appeal, Carter raises one issue: Whether she received ineffective assistance of counsel because her trial counsel did not seek a downward departure under a comment to U.S.S.G. § 4A1.3. "A downward departure from the defendant's criminal history category may be warranted," according to the comment Carter cites, if the defendant "received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." U.S.S.G. § 4A1.3 cmt. 3(A).

Carter contends that her attorney should have sought a downward departure under this comment because her criminal history score included two points for a 2010 possession of marijuana conviction. Accordingly, she argues that she received ineffective assistance of counsel and asks us to vacate her sentence and remand for resentencing. The Government responds that Carter's challenge does not fall within the appeal waiver because a direct appeal is not an "appropriate proceeding" to raise this ineffective assistance of counsel claim.[1]

A plea agreement appeal waiver bars an appeal of a sentence if (1) the waiver was knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (citation omitted). Carter does not dispute that the waiver was knowing and voluntary, so the only question is whether she has raised an ineffective assistance of counsel claim in an appropriate proceeding.

---

[1] Carter did not file a reply to the Government's brief.

"Sixth Amendment claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (citation omitted). Carter did not raise this argument in the trial court, so "the record is undeveloped as to trial counsel's 'conduct and motivations.'" *Id.* (quoting *United States v. Aguilar*, 503 F.3d 431, 436 (5th Cir. 2007) (per curiam)). Because "we are a court of review, not first view," *Spriggs v. United States*, 132 F.4th 376, 381 (5th Cir. 2025), this is not an appropriate proceeding for Carter to raise this challenge.

The appeal is DISMISSED WITHOUT PREJUDICE. Carter may re-assert her ineffective assistance of counsel claim in an appropriate proceeding.